**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
CONVERGED COMPLIANCE SOLUTIONS, INC., :
:
          Plaintiff, :      21-CV-5482 (PGG) (OTW)
:
          -against- :      **AMENDED REPORT &**
:      **RECOMMENDATION TO THE**
XOP NETWORKS, INC., et al., :      **HONORABLE PAUL G. GARDEPHE**
:
          Defendants. :
:
:
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

      On September 18, 2024, I issued an Order to Show Cause (ECF 50) on Plaintiff as to why this Court should not dismiss Defendant XOP Latvia, SIA ("XOP Latvia") for failure to properly serve XOP Latvia within 90 days of filing under Rule 4(m). Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Plaintiff, in compliance with the Order to Show Cause, filed a response on September 22, 2024 (ECF 51), explaining that XOP Latvia was not served due to judicial economy and efficiency concerns.

      Because XOP Latvia has not been properly served under Rule 4(m), I respectfully recommend that Defendant XOP Latvia be **DISMISSED** without prejudice.

    **I.**    **OBJECTIONS**

      Rule 72(b)(2) provides that a party "may serve and file written objections to the proposed [dispositive] findings and recommendations" within 14 days after being served with a copy of the recommended disposition. This R&R issues as a result of my Order to Show Cause

1

noting that XOP Latvia was never served, and Plaintiff itself "respectfully requests that this Court dismiss the claims against XOP Latvia without prejudice." (ECF 51 at 1). Accordingly, while Plaintiff or XOP Latvia could, hypothetically, exercise their right to object to this R&R, they are unlikely to do so. Any such objections, and any responses to objections, shall be addressed to the Honorable Paul G. Gardephe, United States District Judge. Any requests for an extension of time for filing objections must be directed to Judge Gardephe.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir. 1983).

The Clerk of Court is respectfully directed to strike ECF 52.

Respectfully submitted,

*s/ Ona T. Wang*

Dated: September 24, 2024  
New York, New York

**Ona T. Wang**  
United States Magistrate Judge